# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:09cv295

| | |
|---|---|
| ENTERTAINMENT DISTRIBUTION COMPANY (USA), LLC, d/b/a ENTERTAINMENT DISTRIBUTION COMPANY,<br><br>Plaintiff,<br><br>Vs.<br><br>C. C. REPROCESSING, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **MEMORANDUM AND**<br>)   **RECOMMENDATION**<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the court on plaintiff's Motion for Judgment on the Pleadings (#9). Plaintiff filed its motion and supported such with a memorandum of law on October 30, 2009. On November 16, 2010, the court granted defendant's Motion for Enlargement of Time to Respond to Plaintiff's Motion for Judgment on the Pleadings (#13), and defendant was allowed up to and inclusive of December 16, 2009, to respond. No further extensions of this deadline were either sought or granted. It appearing that more than 45 days have run since such deadline passed and that no response has been filed, the court enters the following recommendation that plaintiff's motion be summarily allowed and that judgment on the pleadings be granted to plaintiff.[1]

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are

---

[1] The court notes that allowing a deadline to pass is atypical for counsel representing defendant, as they are among the most diligent attorneys in this division. The court is sure there may well be a reason under Rule 6(b) that may explain such lapse, although it is not readily apparent from this record.

closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). In resolving a motion for judgment on the pleadings, the court must accept all of the nonmovant's factual averments as true and draw all reasonable inferences in its favor. Bradley v. Ramsey, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004); Atwater v. Nortel Networks, Inc., 394 F. Supp. 2d 730, 731 (M.D.N.C. 2005). Judgment on the pleadings is warranted where the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Bradley, 329 F. Supp. 2d, at 622. The standard is similar to that used in ruling on Rule 12(b)(6) motion "with the key difference being that on a 12(c) motion, the court is to consider the answer as well as the complaint." Continental Cleaning Serv. V. United Parcel Serv., Inc., 1999 WL 1939249, at *1 (M.D.N.C. April 13, 1999) (internal citations omitted).

In resolving a motion for judgment on the pleadings, the court may rely on admitted facts in the pleadings, documents attached to the pleadings, and facts contained in materials of which the court may take judicial notice. Bradley, 329 F. Supp. 2d, at 622 (noting that the Court should consider documents attached to the pleadings); Hebert Abstract Co. v. Touchstone Prop., Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (holding that court should consider pleadings and judicially noticed facts). Where a contract between the parties is "integral to and explicitly relied upon in the complaint," the contract itself should be considered along with the factual allegations of the complaint and answer. Colin v. Marconi Commerce Sys. Employees' Retirement Plan, 335 F. Supp. 2d 590, 596 (M.D.N.C. 2004)(insurance policy).

Briefly, in an unrebutted showing, plaintiff has shown that defendant has admitted each and every essential element of plaintiff's breach of contract and unjust enrichment claims. Further, the unrebutted memorandum of law submitted by plaintiff shows that defendant's statute of frauds defense is negated by defendant's own admissions and the admittedly valid written invoices attached to plaintiff's Complaint. Further, plaintiff has shown that defendant's waiver and estoppel defenses are also negated as a matter of law by its admissions that it owes money to plaintiff for the materials sold, and that plaintiff has demanded payment from defendant which defendant has failed to pay, thus preventing defendant from proving any set of facts which would entitle it to relief from plaintiff's claims. Without defendant satisfying its obligation to present evidence and arguments which could rebut such showing, plaintiff is entitled to judgment on the pleadings on its breach of contract and unjust enrichment claims.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that plaintiff's Motion for Judgment on the Pleadings (#9) be **ALLOWED**, and that **JUDGMENT** be entered in favor of plaintiff and against defendant on plaintiff's breach of contract and unjust enrichment claims.

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section

636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same.  **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: February 3, 2010

Dennis L. Howell
United States Magistrate Judge